[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is the motion of defendant, Carol R. Thomsen for attorney's fees. This Court takes jurisdiction pursuant to G.L. 1955 (1985 Reenactment) § 9-1-45. For the reasons set out below, the motion is granted.
HISTORY
A detailed explanation of the facts in the underlying dispute is unnecessary. It is sufficient to say that John D. Cesana and Rose Cesana, husband and wife, entered into an agreement to make arrangements with reference to their property on November 14th, 1968.
The Agreement provided that certain real estate would pass to George Cesana, one of John D. Cesana's children by a previous marriage, and two other people in joint tenancy. John D. Cesana's other children were not expressly mentioned in the Agreement. They filed a cause of action to get George to convey the property in question to them as tenants in common. This, they claimed, was required by the intent of John D. Cesana as evidenced by corroborating oral and written statements made by him.
In the meantime, on November 6, 1985, George Cesana conveyed the property to Carol R. Thomsen who was then added as a defendant. Thomsen, who bought the property unaware of the cloud on title, immediately sought to extricate herself from the Cesana law suit. She was granted a motion for directed verdict on 1/6/93 and thereafter filed the instant motion for attorney's fees.
DISCUSSION
Section 9-1-45 of the Rhode Island General Laws provides for attorney's fees:
 9-1-45 Attorney's fee. — The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court (a) finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or (b) renders a default judgment against the losing party.
Plaintiff's main argument is that the dispute did not arise out of contract but out of equity. This Court disagrees. The dispute arose out of the breach of the agreement to distribute the property.
In the underlying action, the Court found that John D. Cesana's intent was to divide the property among all his children. Therefore, the failure by George Cesana to divide the property in accordance with John Cesana's clear intent and instruction constituted such a breach as to justify the instant motion.
The motion for directed verdict filed by Carol R. Thomsen thus arose from a breach of contract as is required by § 9-1-45. Thomsen was granted a directed verdict and was thus, "the prevailing party in [a] civil action," as required by § 9-1-45. Last, but not least, this court granted Thomsen's motion for directed verdict because there was a complete absence of a justiciable issue of law or fact as against Thomsen which is also required by § 9-1-45. Thomsen has met all of the requirements of G.L. 1956 (1985 Reenactment) § 9-1-45.
As § 9-1-45 provides for the award of attorney's fees to the prevailing party in "any civil action" arising from a breach of contract. . . ." (emphasis added), this Court is satisfied that this statute is applicable to the action at bar. The Court has further found that defendant Thomsen has met all the remaining elements of § 9-1-45.
Thomsen, accused of no wrongdoing, was added as a defendant in an action by plaintiff's cautious attorney. She was therefore forced to hire her own attorney, Thomas G. Hetherington, who diligently protected her interests. Under the circumstances, and pursuant to statute, Thomsen should not be required to absorb the costs expended by Attorney Hetherington in her defense.
Attorney Hetherington submitted an itemization of his fees with his motion, and this Court finds his fee of $4,595.00 to be a reasonable one. Defendant's motion for attorney's fee is granted in the amount of $4,595.00.